UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-122T |
| | ) | |
| FRANCISCO ARIAS | ) | |

**ORDER GRANTING MOTION FOR COMPETENCY EVALUATION PURSUANT TO 18 U.S.C. § 4241**

This matter was before this Court on May 8, 2007, the Honorable Ernest C. Torres, United States District Judge, presiding, for hearing on the oral motion of defense counsel for a competency evaluation pursuant to 18 U.S.C. §4241. After hearing and consideration thereon, the Court makes the following findings of fact:

There is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent as defined in 18 U.S.C. §4241(a), based on the following findings:

1. The defendant attempted to enter a guilty plea on February 21, 2007, however, he expressed an inability to fully comprehend both the charges and his rights that would be waived by entering a guilty plea.

2. Thereafter, defense counsel hired a neuropsychologist, Paul Malloy, Ph.D., to perform a forensic evaluation of Mr. Arias.

Delivered 6/20/07 to FMC Devens @ Ayer, MA For Carolyn A. Sabol, Warden by [signature], LDE

DRL To DRD 6-20-07

Attest to True Copy DAVID A. DiMARZIO By [signature] Deputy Clerk

3. Dr. Malloy has stated to defense counsel that in his opinion, based on testing he performed of the defendant, Mr. Arias suffers from mental retardation. Mr. Arias has previously been diagnosed as suffering from mental retardation. Dr. Malloy has further stated to defense counsel, that based on Mr. Arias' response to questions, Dr. Malloy cannot certify that Mr. Arias is able to assist his counsel.

Based on these and other considerations, and pursuant to 18 U.S.C. §4241, the Court finds that there is reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist counsel in his-defense. Therefore, it is hereby

**ORDERED** that the defendant shall be committed to the custody of the Attorney General under 18 U.S.C. §4247(b) for placement in a suitable facility for conducting a psychiatric or psychological examination, and it is further

**ORDERED** that a psychiatric or psychological examination shall be conducted to determine whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him and to assist counsel in his defense, and it is further

**ORDERED** that such examination shall be conducted within a

reasonable period not to exceed thirty (30) days except that, under 18 U.S.C. §4247(b), the director of the facility at which the examination is conducted may, if necessary, apply for a reasonable extension of time not to exceed fifteen (15) days to complete the examination, and it is further

**ORDERED** that the examiner designated to conduct the examination shall, after it is completed, file a report with the court, with copies to counsel for the defendant and the attorney for the government, setting forth the information, findings, and opinions specified in 18 U.S.C. §4247(c), together with any other information relevant to a determination of defendant's mental status and competency, and it is further

**ORDERED** that pursuant to 18 U.S.C. §3161(h)(1)(A), any period of delay resulting from proceedings conducted to comply with this order shall be deemed excluded in computing the time within which the trial of this indictment must commence.

PER ORDER:

Clerk DATE: 5/16/07

ENTER:

ERNEST C. TORRES
Senior Judge,
United States District Court DATE: 5/16/07